## CURRAN v. SANFORD, Warden.
### No. 11099.

Circuit Court of Appeals, Fifth Circuit.

Oct. 20, 1944.

John Curran, in pro. per., for appellant.

M. Neil Andrews, U. S. Atty., and Harvey H. Tisinger, Asst. U. S. Atty., both of Atlanta, Ga., for appellee.

Before HOLMES, WALLER, and LEE, Circuit Judges.

HOLMES, Circuit Judge.

Petitioner was convicted upon two counts of an indictment charging that he passed a counterfeit silver half-dollar with intent to defraud a named person, and that he possessed a counterfeit silver half-dollar with intent to defraud divers persons unknown, in violation of Section 163 of the Criminal Code, 18 U.S.C.A. § 277. He was fined and sentenced to ten years in the penitentiary on each count, said sentences to run concurrently.

Having served sufficient time under his commitment to satisfy a five-year sentence, petitioner sought release from custody in this habeas corpus proceeding. The grounds of his petition were (1) that Section 163 of the Criminal Code was repealed in 1909 by Section 167 of the Criminal Code, 18 U.S.C.A. § 281; that the indictment against him charged a violation of Section 167 only; that the maximum sentence provided by Section 167 was five years imprisonment; and (2) that the attorney appointed to represent the petitioner in his trial was incompetent.

The record is wholly devoid of proof to support the claim that the appointed counsel was incompetent, and that contention is abandoned by appellant in his brief in this court. The contention that Section 167 of the Criminal Code is the applicable statute is similarly without merit.

Sections 163 and 167 define similar but not identical offenses, and the former was not repealed by the latter. Section 167 declares it a crime to make, utter, or pass coins of metal or metal alloys intended for the use and purpose of current money, except as authorized by law, regardless of whether the coins are similar to foreign or domestic coins current in the United States or are of original design. Section 163 relates to counterfeiting alone, makes possessing, as well as manufacturing and uttering, an offense, and includes, as an essential element of the crime, the requirement that the Act be done with intent to defraud.

These differences considered, it is obvious that the indictment charged offenses peculiar to Section 163 in the language of Section 163. The sentences imposed did not exceed the maximum provided by that statute, wherefore the court below properly discharged the writ.

The judgment is affirmed.